**Marcia PEARSON, Plaintiff–Appellant,**

v.

**Sarah REID–ROBINSON, Elizabeth Downer, Defendants–Appellees.**

**No. 15–566–cv.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2016.

Marcia Pearson, pro se, Valley Cottage, NY, for Appellant.

No appearance, for Appellees.

PRESENT: RALPH K. WINTER, REENA RAGGI, and CHRISTOPHER F. DRONEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Marcia Pearson appeals *pro se* the district court's *sua sponte* dismissal of her complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), which decision we review *de novo, see Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 79–80 (2d Cir.2005). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court correctly determined that Pearson failed to establish diversity jurisdiction because she is a citizen of New York and named a New York citizen, Elizabeth Downer, as a defendant. *See* 28 U.S.C. § 1332(a)(1); *Herrick Co. v. SCS Commc'ns, Inc.,* 251 F.3d 315, 325 (2d Cir.2001) (holding that diversity statute mandates complete diversity). Nevertheless, in light of the solicitude accorded *pro se* litigants, courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (internal quotation marks omitted). We have specifically permitted plaintiffs to amend complaints "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n,* 815 F.2d 240, 243 (2d Cir.1987). Because Pearson could have invoked diversity jurisdiction in an action against only defendant Sarah Reid–Robinson, a Georgia citizen, the district court needed to determine whether Downer was an indispensable party before dismissing Pearson's complaint without leave to amend. *See* Fed.R.Civ.P. 19(a)(1); *Jaser v. New York Prop. Ins. Underwriting Ass'n,* 815 F.2d at 243 (stating that failure to consider whether nondi-

verse party was indispensable amounted to abuse of discretion).[1]

We have considered Pearson's remaining arguments, including her assertion of federal question jurisdiction, and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment dismissing Pearson's complaint for lack of subject matter jurisdiction, but we VACATE the judgment insofar as it failed to afford Pearson leave to amend without a finding of futility, and we REMAND for further proceedings consistent with this order.

---

1. We are unable to determine on the present record whether (a) Downer is, in fact, an indispensable party, or (b) amendment of Pearson's complaint would be futile in light of her additional obligation to allege a "reasonable probability" that her claims are in excess of $75,000. *See* 28 U.S.C. § 1332(a); *Colavito v. New York Organ Donor Network, Inc.,*

438 F.3d 214, 221 (2d Cir.2006) (internal quotation marks omitted).